## BRYAN *et al. vs.* THE STATE OF GEORGIA.

1. Where burglary and larceny were committed together, the prisoner's possession of the stolen property (wheat) twelve days thereafter, if not satisfactorily explained, would be a circumstance to be considered on his trial for the burglary. In order for the possession, though after such a lapse of time, to be of no weight as a fact tending to prove guilt, it would have to be accounted for. The prisoner would not be relieved from the burden of explaining it, if he wished to rid himself entirely of its effect in its due connection with other circumstances.
2. There was no abuse of discretion in refusing a new trial.

BLECKLEY, Justice.

## FIELD *et al. vs.* WILLINGHAM *et al.*

This court will not control the discretion of the chancellor in refusing to grant an injunction, and remove a cause pending at law in the county of Gordon to the chancery side of the court in Whitfield, when there has been great delay in bringing the bill and asking the injunction; and when the common law case consists of money rules pending against the sheriff of Gordon county, which are themselves in the nature of equitable proceedings; and when it is apparent, from a consent rule agreed upon and entered on the minutes of Gordon superior court by the defendants, that one case may decide the several issues and avoid a multiplicity of suits; and when the pleadings may be so framed at law, and a verdict and decree so rendered, as to do complete justice without changing the venue from the county where the cause is pending to another, or the forum from the common law to the equity side of the court.

JACKSON, Justice.

## JOHNSON *et al. vs.* THE STATE OF GEORGIA.

That the prosecutor was a member of the grand jury which found the bill, is not good in arrest of judgment. The objection thus presented comes too late.

WARNER, Chief Justice.

## USRY *vs.* SAULSBURY, RESPESS & CO.

1. An averment that "since the said sums became due the said Saulsbury, Respess & Co., by their agent, the said James M. Bateman,

have demanded payment thereof of the said Wm. Usry," is a sufficient averment of a demand upon Usry as the owner of the crop and maker of the lien, the fact that he was such and that Bateman was the agent of the plaintiffs appearing elsewhere in the affidavit to foreclose the lien.

2. If it appear from the date of the judgment of foreclosure and of the levy, that the execution must have been issued between those two dates, and that every step was taken in time to foreclose and enforce the lien, the omission by the clerk to date the *fi. fa.* is not fatal to the case.

3. A draft signed by Wm. Usry and indorsed by him and addressed to Saulsbury, Respess & Co., Macon, Ga., and promising to deliver to them cotton enough to pay it, or in default of such delivery, to pay the sum specified to them, is sufficient to bind Usry as the maker and indorser thereof, though made payable to the order of blank—the blank being left unfilled with the word "myself."

4. A levy upon corn in February, 1874, under an execution issued upon the foreclosure of a lien-upon the crop of 1873, is sufficient, especially when it is pointed out for levy by the defendant.

5. The other objections made in the bill of exceptions are not true in fact, as appears from the record. 13 *Ga.*, 55.

JACKSON, Justice.

Lien. Executions. Negotiable instruments. Levy and sale. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1877.

Plaintiffs proceeded by affidavit, on February 13, 1874, to foreclose a merchant's lien on the crop of Usry for 1873. The affidavit stated the furnishing of the fertilizers for which the suit was brought; that one Bateman was the agent of plaintiffs, who were merchants; that defendant gave two written promises, and created a lien in writing on his crop for 1873 to secure the debts; that they have become due; that "since the said sums became due, the said Saulsbury, Respess & Co., by their agent, the said James M. Bateman, have demanded payment thereof of the said Wm Usry," etc.

Execution issued, but appears from the record not to have been dated. It was levied February 21, 1874. An affidavit of illegality was filed. On the trial defendant moved to dismiss the case for want of proper allegation in

the affidavit as to a demand on him. The motion was over-ruled.

Plaintiffs tendered in evidence the execution with the indorsement of levy thereon, Defendant objected because the execution was not dated and was insufficient in law, and because the levy did not appear to be on the crop of 1873. It was admitted in evidence.

Plaintiffs tendered in evidence two written instruments, one of them as follows, and the other differing from it only in amount and in not being witnessed :

" $222.00.　　　　　　　Macon, Ga., March 13th, 1873.

"On the 1st day of October next, please pay to order of ―――― two hundred and twenty-two dollars, for value received as an advance on my crops to be raised the present year (including your comissions for the same), for the purchase of provisions and commercial manures to make said crop; and for the purpose of securing the payment of this draft at or before maturity, I hereby create a lien in your favor, with authority to transfer the same, on my crop of cotton and other crops growing and to be grown by me, or in which I have or may have any interest, as also on my stock of all kinds now on my plantation in Sumter county, consisting of ――――. And I agree to deliver to you at your warehouse before the maturity of this draft a sufficiency of cotton to pay the same. Which cotton you are authorized to sell at your discretion for that purpose. If I fail to pay this draft punctually at maturity, it is to bear interest from its date, and I agree to pay all costs and and counsel fees incurred in its collection, above obligation payable at my option in middling cotton at fifteen cents per pound, delivered in Macon, Ga.

(Signed)　　　　　　　　　　　"Wm. Usry. [l. s.]"

"To Saulsbury, Respess & Co.. Macon, Ga."

Executed in the presence of E. L. Bacon.

Indorsed on back, Wm. Usry.

To these instruments defendant ·objected, among other reasons, because they were not such as to bind any one, being payable to the order of blank, indorsed by the drawer, and not accepted by any one. The objection was overruled, and the instruments admitted.

The jury found for plaintiffs. Defendant excepted, and assigned each of the above rulings as error. There are also other objections to the above rulings stated in

the bill of exceptions, but they are not corroborated by the record.

HAWKINS & HAWKINS for plaintiff in error.

GUERRY & SON, for defendants.

No opinion.  The questions raised are decided in the head-notes.